United States District Court
Southern District of Texas
**ENTERED**
May 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ERNESTINA MARTINEZ and | § | |
| ARTEMIO MARTINEZ, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:19-cv-00164 |
| | § | |
| ETHICON INC., d/b/a ETHICON | § | |
| WOMEN'S HEALTH AND UROLOGY, | § | |
| and JOHNSON & JOHNSON, INC., | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers Defendants' "Motion for Summary Judgment and Memorandum of Law in Support."[1] Plaintiffs have not responded and the time for doing so has passed,[2] rendering the motion unopposed by operation of this Court's Local Rule.[3] After considering the motion, record, and relevant authorities, the Court **GRANTS** summary judgment to Defendants.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a products liability case. Plaintiffs are husband and wife. Plaintiff Ernestina Martinez alleges that she suffered injury caused by "Defendants' Pelvic Repair System Products, including the Gynecare TVT Retropubic System, which was implanted in [Ernestina Martinez's] body"[4] in December 2007[5] and removed due to complications such as pain in 2016.[6] Plaintiffs brought an action against Defendants for the "design, manufacture, marketing, distribution, and

---

[1] Dkt. No. 19.
[2] *See* LR7.3, 7.4(A) (21 days).
[3] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[4] Dkt. No. 1 at 1, ¶ 1.
[5] *Id.* at 4, ¶ 12.
[6] *Id.* at 5, ¶¶ 15–17.

sale of Defendants' Pelvic Sling System Products."[7] Plaintiffs allege that Defendants knew or should have known that their medical product was subject to numerous defects.[8] Plaintiffs bring 13 causes of action: negligence; strict liability for design defect; strict liability for manufacturing defect; strict liability for failure to warn; strict liability for a defective product; breach of express warranty; breach of implied warranty; fraudulent concealment; constructive fraud; discovery rule, tolling, and fraudulent concealment; unjust enrichment; loss of consortium; and punitive damages.[9] This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Texas and Defendants are citizens of New Jersey, and the amount in controversy exceeds $75,000, and venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff suffered injury in this district.[10]

Plaintiffs filed their original complaint on May 6, 2019.[11] This Court permitted discovery to proceed according to agreed stipulations.[12] In February 2020, Defendants requested that discovery be stayed in light of Plaintiffs failure to designate any experts regarding product defects.[13] This Court granted a stay of all discovery pending the Court's determination of Defendants' motion for summary judgment.[14] Whether to grant summary judgment is now before the Court.

---

[7] *Id.* at 2, ¶ 2.
[8] *Id.* at 12–13, ¶¶ 48–50.
[9] *Id.* at 17–41, ¶¶ 68–168.
[10] *See id.* at 3, ¶¶ 7–8.
[11] Dkt. No. 1.
[12] *See, e.g.*, Dkt. Nos. 10–14, 16.
[13] Dkt. No. 20.
[14] Dkt. No. 21.

## II. DISCUSSION

### a. Legal Standard

Federal Rule of Civil Procedure 56 provides that a court shall award summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] A court reviews the evidence in the record in the light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor,[16] but the Court is under no duty to search the entire record in search of evidence to support the nonmovant's opposition to summary judgment.[17] A movant must point to competent evidence in the record, such as documents, affidavits, and deposition testimony.[18] "A fact is 'material' if its resolution could affect the outcome of the action,"[19] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[20] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[21] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[22]

The movant bears the initial burden of showing the absence of a genuine issue of material fact,[23] but may satisfy the burden by pointing out the absence of evidence to support the nonmovant's case if the nonmovant would bear the burden of proof with respect to that element

---

[15] FED. R. CIV. P. 56(a).
[16] *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000).
[17] *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *accord Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 380 n.2 (5th Cir. 2011).
[18] FED. R. CIV. P. 56(c)(1).
[19] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[20] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).
[21] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[22] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).
[23] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

at trial.[24] If the movant intends to rely on an affirmative defense, "it must establish beyond dispute all of the defense's essential elements."[25]

The Court cannot enter "default" summary judgment in favor of the movant but, because Defendants' motion for summary judgment is unopposed,[26] the Court will accept as undisputed the Defendants' facts listed in support of their motion.[27] Furthermore, Plaintiff's complaint is unverified and does not supply any more than mere allegations.[28]

### b.  Analysis

Products liability cases are quintessentially expert cases, and failure to designate experts almost always leads to summary judgment.[29] Plaintiffs failure to designate any experts is significant. This Court recently held, "[w]hether expert testimony is necessary to prove a matter or theory is a question of law. Under Texas law, expert testimony is generally encouraged if not required to establish a products liability claim."[30] "In medical malpractice cases, expert testimony regarding causation is the norm: 'The general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors.'"[31] "Texas courts have regarded expert testimony on causation as particularly vital in cases involving complex medical devices and medical diagnoses."[32] So "for expert testimony not to be required in a products liability case, the product itself, or at least the ... feature in question, must be relatively uncomplicated, and the implications ... such that a layman

---

[24] *Id.* at 325.

[25] *Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006).

[26] *See* LR7.4.

[27] *See Pistokache v. Wilmington Tr., N.A.*, No. 7:15-CV-523, 2016 WL 7734652, at *1 (S.D. Tex. Aug. 4, 2016) (Crane, J.) (collecting cases and using this approach); *accord Fajemirokun v. Methodist Health Sys.*, No. 3:14-CV-3602-L, 2018 U.S. Dist. LEXIS 28159, at *5 (N.D. Tex. Feb. 21, 2018).

[28] *See* Dkt. No. 1.

[29] *See Emery v. Medtronic, Inc.*, 793 F. App'x 293, 296 (5th Cir. 2019).

[30] *Martinez v. Med. Depot, Inc.*, No. 7:18-CV-340, 2020 WL 264679, at *12 (S.D. Tex. Jan. 17, 2020) (footnotes and quotations omitted).

[31] *Jelinek v. Casas*, 328 S.W.3d 526, 533 (Tex. 2010) (quoting *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007)).

[32] *Lewis v. Johnson & Johnson*, 601 F. App'x 205, 211 (4th Cir. 2015) (collecting cases).

could readily grasp them."[33] "[W]hen expert testimony is required, lay evidence supporting liability is legally insufficient."[34] For the most part, the "Supreme Court of Texas has consistently required expert testimony and objective proof to support a jury finding that a product defect caused the plaintiff's condition."[35]

Here, Plaintiffs allege numerous product defects relating to Defendants' "Pelvic Sling System Products,"[36] including "[b]iomechanical issues" with its design, material in the product which causes adverse immune reactions, and the product's propensity for fragmentation or inelasticity which can cause "a chronic inflammatory and fibrotic reaction."[37] The Court agrees with Defendants[38] that Plaintiffs' allegations necessitate a technical understanding of medical devices and their interaction with the human body which would be beyond the common knowledge of a lay juror.[39] When the causal link connecting Plaintiffs' injuries to a product "is beyond the jury's common understanding, expert testimony is necessary."[40]

Plaintiff's failure to designate any experts to date that could establish Plaintiff's claims entitles Defendants to summary judgment on certain claims. "Whether applying the law of strict liability or negligence, Texas law requires that the defect or the negligent actions must be a producing and proximate cause" of the injury.[41] It is Plaintiffs' burden to establish "with 'reasonable medical probability'" that the product's alleged defects are the cause of Plaintiffs' injury, and "expert testimony is needed to satisfy the reasonable medical probability standard for

---

[33] *Stewart v. Capital Safety USA*, 867 F.3d 517, 521 (5th Cir. 2017) (omissions in original) (quotation omitted).
[34] *Jelinek*, 328 S.W.3d at 533 (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 812 (Tex. 2005)).
[35] *Martinez*, 2020 WL 264679, at *12
[36] Dkt. No. 1 at 2, ¶ 2.
[37] *Id.* at 12–13, ¶ 50.
[38] *See* Dkt. No. 19 at 4 ("In short, as a matter of Texas law, the 'causal link' between Plaintiffs' alleged injury and the allegedly defective TVT or its warnings is simply 'beyond the jury's common understanding.'" (quoting *Kallassy v. Cirrus Design Corp.*, 2006 WL 1489248, at *3 (N.D. Tex. May 30, 2006)).
[39] *See Kallassy v. Cirrus Design Corp.*, 265 F. App'x 165, 166 (5th Cir. 2008) (affirming as prudent reasoning that the "level at which aircraft vibration becomes sufficiently excessive as to constitute an unreasonably dangerous defect is a technical matter beyond the common experience of jurors" and requires expert testimony).
[40] *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 119–20 (Tex. 2004).
[41] *Horak v. Pullman, Inc.*, 764 F.2d 1092, 1095 (5th Cir. 1985).

establishing a causal link."[42] Here, Plaintiffs have not and cannot point to expert testimony that could establish a genuine dispute of material fact necessary to avoid summary judgment. Therefore, Defendants are entitled to summary judgment on all claims that require Plaintiffs to establish a causal link between the allegedly defective medical product and Plaintiffs' injuries, specifically, Plaintiffs' product defect claim,[43] manufacturing defect claim,[44] failure to warn claim,[45] and negligence claim.[46]

   "Where breach of warranty and fraud claims are 'functionally identical' to strict liability and negligence-based product liability claims, the breach of warranty and fraud claims are properly disposed of along with the strict liability and negligence-based product liability claims when the plaintiff fails to produce expert testimony on causation."[47] Plaintiffs make clear in their complaint that their breach of warranty[48] and fraud claims[49] are functionally identical to Plaintiffs' product liability and failure to warn claims, thus Defendants are entitled to favorable summary judgment on those claims.

---

[42] *Anderson v. Siemens Corp.*, 335 F.3d 466, 475 (5th Cir. 2003).

[43] Plaintiffs bring this claim under section 82.003(a)(6) of the Texas Civil Practice and Remedies Code. Dkt. No. 1 at 25, ¶ 86. That section requires Plaintiffs to prove that "the claimant's harm resulted from the defect." TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(a)(6)(B) (West 2020).

[44] *Dico Tire, Inc. v. Cisneros*, 953 S.W.2d 776, 783 (Tex. App.—Corpus Christi 1997, no pet.) ("To recover for a manufacturing defect, the plaintiff must show . . . that the defect was the producing cause of the plaintiff's injuries.").

[45] *Ackermann v. Wyeth Pharm.*, 526 F.3d 203, 208 (5th Cir. 2008) ("To recover for failure to warn, . . . a plaintiff must show that . . . the failure to warn was a producing cause of the injury.").

[46] *Horak v. Pullman, Inc.*, 764 F.2d 1092, 1095 (5th Cir. 1985) ("Whether applying the law of strict liability or negligence, Texas law requires that the defect or the negligent actions must be a producing and proximate cause of the accident."); *Gerber v. Hoffmann-La Roche Inc.*, 392 F. Supp. 2d 907, 923 (S.D. Tex. 2005) (Atlas, J.) (holding that a plaintiff cannot prove a breach of duty nor an injury caused by the breach where the plaintiff cannot point to any liability for design or manufacturing defects or a failure to warn).

[47] *Emerson v. Johnson & Johnson*, No. CV H-17-2708, 2019 WL 764660, at *3 (S.D. Tex. Jan. 22, 2019) (Hittner, J.) (quoting *Samuel v. Toyota Motor Corp.*, 2015 WL 1925902, at *7–9 (W.D. Tex. Apr. 27, 2015)).

[48] Dkt. No. 1 at 30, ¶ 104 ("The Plaintiff and/or her heath care provider chose the Product based upon Defendants' warranties and representations as described herein regarding the safety and fitness of the Product."); *id.* at 31, ¶ 116 ("Defendants' breach of their implied warranties resulted in the implantation of unreasonably dangerous and defective products in the body of the Plaintiff, placing said Plaintiff's health and safety in jeopardy.").

[49] *Id.* at 34, ¶ 125(c) ("Defendants fraudulently and affirmatively concealed the defective nature of the Defendants' Product from Plaintiff."); *id.* at 35–36, ¶ 134 ("Defendants continue to suppress, conceal, omit, and/or misrepresent information to Plaintiff, the medical community, and/or the FDA, concerning the severity of risks and the dangers inherent in the intended use of the Defendants' Product.").

Defendants do not directly address Plaintiffs' claim for loss of consortium, but assert that all of Plaintiffs' personal injury claims are barred by a 2-year statute of limitations.[50] A claim for loss of consortium "accrues at the time of the first wrongful interference with interests such as 'affection, solace, comfort, companionship, society, assistance, and sexual relations'" and is subject to a 2-year statute of limitations.[51] Texas law will toll the statute of limitations until the plaintiff, exercising reasonable care and diligence, should have discovered the injury or at least had sufficient facts to conduct inquiry into the plaintiff's legal rights and damages.[52] Therefore, even if the Court finds that Plaintiffs' claim for loss of consortium did not accrue until September 2016, when Plaintiff's physician excised the medical product from Plaintiff's body due to Plaintiff's injuries and complications,[53] Plaintiffs' complaint filed in May 2019 was well past the applicable statute of limitations. Plaintiffs assert that "the nature of Plaintiff's injuries and damages, and their relationship to the Product was not discovered, and through reasonable care and due diligence could not have been discovered, until a date within the past two years,"[54] but the assertion is conclusory and Plaintiffs fail to show how the loss of consortium claim would have accrued any later than 2016 when Plaintiffs were so well-aware of the problems caused by the implanted medical device that it was removed.[55] Thus, Plaintiffs' loss of consortium claim is barred by the statute of limitations and Defendants are entitled to favorable summary judgment.

Plaintiffs bring a cause of action (Count X) entitled "Discovery Rule, Tolling, and Fraudulent Concealment," however the associated allegations merely make legal arguments that "[t]he running of the statute of limitations in this cause is tolled due to equitable tolling.

---

[50] Dkt. No. 19 at 6.
[51] *Burchinal v. PJ Trailers-Seminole Mgmt. Co., LLC*, 372 S.W.3d 200, 223 n.23 (Tex. App.—Texarkana 2012, no pet.) (quoting *Trapnell v. Sysco Food Servs.,* 850 S.W.2d 529, 551 (Tex.App.—Corpus Christi 1992), *aff'd,* 890 S.W.2d 796 (Tex. 1994)).
[52] *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999).
[53] Dkt. No. 1 at 5, ¶ 17.
[54] *Id.* at 37, ¶ 144.
[55] *See id.* at 5–17, ¶¶ 17–67.

Defendants are estopped from asserting a statute of limitations defense due to Defendants' fraudulent concealment."[56] The Court does not recognize Plaintiffs' Count X as an independent cause of action or distinct from Plaintiffs' claim for "Fraudulent Concealment."[57] Moreover, the Court already addressed the discovery rule and tolling of the statute of limitations in its discussion of Plaintiffs' claim for loss of consortium.

Defendants finally move for summary judgment on Plaintiffs' claims for punitive damages and unjust enrichment.[58] Defendants argue that punitive damages and unjust enrichment are not independent causes of action.[59] The Court agrees that neither punitive damages[60] nor unjust enrichment[61] are independent claims for relief, but are rather theories of recovery tied to other claims for relief and relevant to damages calculations. If Defendants are entitled to summary judgment on all claims, then Plaintiffs' claims for punitive damages and unjust enrichment have no relevance.

---

[56] Dkt. No. 1 at 38, ¶ 146.
[57] *See id.* at 32.
[58] Dkt. No. 19.
[59] *Id.* at 1 n.1, 5.
[60] *Schulman v. Schulman*, No. 3:12-CV-4835-N-BN, 2013 WL 875222, at *3 (N.D. Tex. Feb. 11, 2013) (collecting cases establishing that an award of punitive damages is not a separate cause of action but rather an additional remedy once compensatory damages are awarded).
[61] *Walker v. Cotter Properties, Inc.*, 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.) ("Unjust enrichment is not an independent cause of action.").

### III. CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiffs have failed to raise any genuine dispute of material fact, and that Defendants are entitled to summary judgment on all of Plaintiffs' claims. The Court **GRANTS** Defendants' motion[62] and awards summary judgment to Defendants and against Plaintiffs on all of Plaintiffs' claims. A final judgment in accordance with Federal Rule of Civil Procedure 54 will follow. This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st day of May 2020.

_____

Micaela Alvarez
United States District Judge

---

[62] Dkt. No. 19.